IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JORDAN C. COTNER                                                                                    PLAINTIFF

v.                                       Civil No. 6:23-cv-06033-SOH-BAB

JAIL ADMINISTRATOR FRED PHILLIPS                                                 DEFENDANTS
and SGT. MAHER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on March 21, 2023. (ECF No. 1). He filed an Amended Complaint on April 10, 2023.[2] (ECF No. 6). Plaintiff alleges his constitutional rights were violated while a pretrial detainee in the Hot Spring County Jail ("HSCJ"). (*Id*. at 2, 4-5). Plaintiff alleges he was booked into HSCJ at approximately 8:00 p.m. on March 2, 2023. (*Id*. at 4). He was not permitted to call his family, and Defendant Phillips failed to set his PIN number for the inmate kiosk system. (*Id*.). Plaintiff alleges he could not access the kiosk system from when he

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] The Amended Complaint did not include Plaintiff's claim against the Malvern Arkansas Police Department, for excessive force, as claimed in the original complaint. As the Amended Complaint is the live pleading in this matter, the Court will not address the claim of excessive force.

1

was booked until March 8, 2023. (*Id*.). Plaintiff alleges this prevented him from communicating with staff. (*Id*. at 5). He further alleges he has no means of knowing if he has been injured because he cannot access the kiosk. (*Id*.). Plaintiff characterizes his claim as access to courts and denial of medical care. (*Id*.). Plaintiff does not state how his access to courts was harmed by the delay in kiosk access.

Plaintiff proceeds against Defendants in their official and individual capacities. (*Id*.). For his official capacity claim, Plaintiff alleges that, because the PIN was not set, he was not able to ask questions, request medical care, or reach "family or loved ones." (*Id*.). Plaintiff does not identify any specific medical condition. Plaintiff does not allege he needed medical care. Plaintiff seeks compensatory damages and other relief. (*Id*. at 9). Plaintiff alleges he felt like he was "going crazy" because he was not able to communicate and asks for $1 million dollars. (*Id*.). He does not identify what "other relief" he seeks.

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   ANALYSIS

#### A.   Lack of Communication on Kiosk

Plaintiff failed to state a cognizable claim that his constitutional rights were violated when he was not permitted to speak to his family and loved ones between March 2, 2023, through March 8, 2023. *See Ware v. Morrison,* 276 F.3d 385, 387–388 (8th Cir. 2002) (Inmate "had no constitutionally protected interest implicated by the suspension of his visitation privileges."); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir.1985) (prison officials can reasonably limit prisoner's right to communicate with people outside prison when necessary to maintain security); *Steinbach v. Branson*, Case No. 1:05CV101, 2007 WL 2985571, at *5 (D.N.D. Oct. 9, 2007) ("prisoners have no constitutionally protected rights to visitation with any particular person," including the "prisoner's mother, wife, child, or close friend."). Thus, Plaintiff's inability to speak with his family and loved ones for a short period of time fails to state a cognizable constitutional claim.

#### B.   Denial of Medical Care

Plaintiff also failed to state a cognizable claim that his constitutional rights were violated when he was not permitted to place kiosk requests between March 2, 2023, through March 8, 2023.

3

Plaintiff does allege any serious medical condition he suffered from which needed treatment. He does not identify what requests he needed to make which he was unable to make. To the extent this could be construed to be a denial of medical care claim, it must fail. The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)). To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted). Because Plaintiff failed to identify any medical condition or medical need, he failed to meet the first prong of the deliberate indifference standard.

### C. Denial of Access to Courts

Plaintiff failed to allege a plausible claim for denial-of-access to the courts because he failed to allege any facts concerning this claim. Indeed, he states he does not know how or if he has been injured by the delay in accessing the kiosk. Mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). Further, on its face, the Complaint demonstrates Plaintiff was not denied access to the courts. He filed this lawsuit nineteen (19) days

4

after the alleged denial of access to the courts. Thus, he fails to state a plausible denial of access-to-courts claim.

## IV.  CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **3rd day of May 2023**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE